UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIAS SAMAHA,<br><br>                Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF TRANSPORTATION, JOHN MORRIS, RALPH ROBERTSON, and CHAD SIMONSON,<br><br>                Defendants. | No. C10-223Z<br><br>ORDER |

THIS MATTER comes before the Court on defendants' motion to transfer venue to the Eastern District of Washington. Having reviewed all papers filed in support of and in opposition to the motion, the Court hereby GRANTS the motion, docket no. 9, and TRANSFERS this matter to the Eastern District of Washington. Plaintiff concedes that this action could have been brought in the Eastern District of Washington, where the three individual defendants, John Morris, Ralph Robertson, and Chad Simonson, all reside, and where the events giving rise to plaintiff's claims occurred. *See* 28 U.S.C. § 1391(b). In addition, plaintiff does not dispute that, of the 38 witnesses he has identified, 32 of them reside in Spokane. *See* Exh. 1 to Edison Decl. (docket no. 10). Plaintiff contends, however, that his choice of forum should trump the convenience of the three individual defendants and the vast majority of the witnesses, as well as whatever local interest in the controversy might

ORDER -1-

exist.  *See Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005) (setting forth the familiar factors for assessing whether to transfer venue).

In doing so, plaintiff cites a case in which a motion to transfer venue to Florida was denied in part because the plaintiff in that case, a Washington corporation, chose the Western District of Washington as the forum.  *See Attachmate Corp. v. Pub. Health Trust of Miami-Dade County*, -- F. Supp. 2d --, 2010 WL 234767 (W.D. Wash.).  *Attachmate* is distinguishable because a separate finding was made in that case of purposeful availment or direction toward the forum by the defendant, and the venues being compared were in different states on opposite coasts.  Here, plaintiff makes no showing that the individual defendants took any actions in or aimed at the Western District of Washington.  Moreover, the venues at issue in this case are within the same state, with the proposed transferee forum being the place of plaintiff's employment from 1998 until 2007, and plaintiff does not establish the type of hardship associated with moving the litigation across the country.  Indeed, plaintiff fails to explain how discovery or trial will be any more burdensome for him in the Eastern District of Washington than in this forum.  In light of the circumstances, the Court concludes that the interests of justice will best be served by transferring this case to the Eastern District of Washington.

IT IS SO ORDERED.

DATED this 18th day of May, 2010.

Thomas S. Zilly
United States District Judge

ORDER   -2-